### SPICER v. NEW YORK LIFE INS. CO.

(District Court, M. D. Alabama, N. D. March 2, 1920.)

1. INSURANCE ☞448, 585(1)—JOINT POLICY ON TWO LIVES HELD ENFORCEABLE ONLY BY SURVIVOR.

A policy of insurance on the lives of two persons, the amount of the policy being payable on the death of either to the survivor, is enforceable only in accordance with its terms, and the fact that one of the insured, by the murder of the other, has disqualified himself from recovery, does not vest a right of action in the personal representative of the deceased.

2. INSURANCE ☞156(1)—POLICY ON JOINT LIVES IMPOSES MUTUAL OBLIGATIONS.

Under a policy of insurance on the lives of two persons, the amount of the policy being payable on the death of either to the survivor, each insured became bound by the conduct of the other, and both obligate themselves for the performance of the whole undertaking.

3. INSURANCE ☞146(2)—POLICY MEASURES RIGHTS OF ALL PARTIES.

The policy is the measure of the right of everybody under it, and such rights should be construed according to the "four corners of the contract.'

**4. INSURANCE ⬅448—WHEN PUBLIC POLICY BARS RECOVERY OF JOINT POLICY ON LIVES OF HUSBAND AND WIFE.**

Where, under a state statute (Code Ala. 1907, § 3765), the husband inherits one-half of the personal estate of his deceased wife, it is doubtful that the rule of public policy adhered to in the federal court would sanction any recovery by her personal representative on a policy of insurance on the joint lives of husband and wife, where the wife had been murdered by the husband.

At Law. Action by Carl E. Spicer, administrator of the estate of Nobie N. Spicer, deceased, against the New York Life Insurance Company. On demurrer to complaint. Demurrer sustained.

D. M. Powell, of Greenville, Ala., for plaintiff.

Benjamin P. Crum and Leon Weil, both of Montgomery, Ala., for defendant.

CLAYTON, District Judge. This is an action upon a policy of life insurance for $10,000 issued by the defendant life insurance company on the joint lives of Nobie N. Spicer and Samuel C. Spicer, Jr., wife and husband, payable to the "survivor of the insured." The material issues present purely questions of law which have been fully argued by counsel for the respective parties. I feel that I should as briefly as may be express my opinion.

The suit was originally instituted in the circuit court of Covington county, Ala., and was removed to this court on petition of the defendant. Demurrer to the plea in abatement has been sustained, and the case is now considered for judgment on demurrer to the complaint, each count thereof, and, subject thereto, on the demurrer of the plaintiff and the defendant's special pleas numbered 3, 4, 5, and 6.

[1] The insurance policy sued on is made part of defendant's pleas 3, 5, and 6, and in arriving at my conclusion the policy has been considered in connection with the complaint and the pleas. The policy binds the defendant company to pay the $10,000 insurance to "the survivor of the insured beneficiary, with right of revocation upon receipt at said home office of due proof of the death, first occurring during the continuance of this contract, of either Samuel C. Spicer, Jr., or Nobie N. Spicer, herein called the insured, and thereupon this contract shall cease and determine."

The pleadings aver that Nobie N. Spicer, one of the insured, and who was the wife of Samuel C. Spicer, Jr., was murdered by Samuel C. Spicer, Jr., within two months after the policy was issued. Further, that Samuel C. Spicer, Jr., was convicted for the murder of his wife and sentenced to the penitentiary of the state of Alabama, for his natural life, and that he is now undergoing such sentence.

The plaintiff sues as the administrator of the estate of Nobie N. Spicer, insisting that she is entitled by her legal representative to recover on the policy because Samuel C. Spicer, Jr., has forfeited his rights under the policy as the survivor, by reason of the fact that he murdered Nobie N. Spicer. On the other hand, the defendant contends that the action cannot be maintained by the plaintiff, and that Samuel

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

C. Spicer, Jr., as the surviving insured, having disqualified himself on account of his criminal act, from recovering on the policy, there can be and is no liability on the policy. The position taken by the plaintiff clearly is a concession that Samuel C. Spicer, Jr., forfeited his right to sue on the policy by reason of the fact that he murdered his wife; and undoubtedly this is true. It is aptly stated in Mutual Life Ins. Co. v. Armstrong, 117 U. S. 591, 6 Sup. Ct. 877, 29 L. Ed. 997, that—

"It would be a reproach to the jurisprudence of the country, if one could recover insurance money * * * on the death of a party whose life he had feloniously taken. As well might he recover insurance money upon a building that he had wilfully fired."

Plaintiff's attorney has cited decisions of state courts, including Equitable Life, etc., v. Weightman, 160 Pac. 629, L. R. A. 1917B, 1210, where the Supreme Court of Oklahoma held that, although a beneficiary disqualified himself from recovering on a policy of life insurance by murdering the insured, the policy is not terminated, but that suit may be maintained thereon in favor of the representative of the insured's estate. After having carefully read all of these cases, I am of opinion that they cannot be controlling in this case. Most of them do not involve insurance policies like the one in this case. The actions in several of them were based on lodge benefit certificates largely governed by the by-laws of the lodge. In Equitable Life v. Weightman, supra, the policy was similar to the one here, in that it was on the lives of two persons, the husband and the wife, and payable to the survivor. The court upheld the right of the representative of the deceased wife, one of the insured, who was murdered by her husband, the other insured, upon the ground that the contract was not joint, and that the husband the actual survivor having disqualified himself by his crime, could not recover, and that therefore the representative of the deceased wife was entitled to have judgment. In effect, the court held that the contract could not and had not been terminated by the fact that one of the insured had murdered the other. The opinion in the case seems to be based upon a false notion and a sentiment—the notion that it would be inequitable for the policy to lapse, and a humane sentiment to provide for the motherless children.

I submit that such position is untenable. The argument in its support is predicated upon a condition or provision, which it adds to the policy and which was never contemplated by the parties when it was issued. While the reasoning is interesting, I think it more specious than logical, and certainly it is not ineluctable. The theory for the conclusion reached by the court is bottomed on a sublimated idea, and is at war with the proper legal interpretation of the contract of insurance and is not consistent with the sound public policy announced by the federal courts in adjudicated cases. This I shall undertake hereinafter in a brief way to show.

I have carefully read the policy of insurance sued on in this case, and am convinced that it is a joint contract enforceable only in favor of the survivor of the insured. A similar contract was considered by the Supreme Court of the United States in Conn. M. L. Ins. Co. v. Schaef-

er, 94 U. S. 457, 24 L. Ed. 251, and was held to be joint. The policy designates Mr. and Mrs. Spicer as the insured; they agreed that the policy be made payable to the survivor; the death of one ripened the liability under the policy; they agreed to pay the premiums; and, certainly, both became liable therefor. The right reserved to change the beneficiary is made dependent upon the consent of the insured, meaning thereby both Mr. and Mrs. Spicer. Under this provision neither of the insured could have been deprived of rights under the policy except by the consent of the other. In my opinion this had the effect of creating a vested interest in the survivor, since both of the insured had to consent to a change of beneficiary. The general rule is that a policy and the amount to become due under it belong, the moment it is issued, to the person or persons named in it, as beneficiary or beneficiaries, and there is no power in the person procuring the insurance by any act of his to transfer even by deed or will to any other person the interest of the person named. Central Nat. Bank v. Hume, 128 U. S. 195, 206, 9 Sup. Ct. 41, 32 L. Ed. 370.

[2] In the present case, by the terms of the policy each insured became bound by the conduct of the other, and they both obligated themselves for the performance of the whole undertaking. Elliott on Contracts, vol. 2, § 1479; Corpus Juris, vol. 13, p. 575, § 557. Mr. and Mrs. Spicer each agreed that his or her right under the policy should terminate in favor of the survivor, and it is a condition precedent to the right of recovery on the policy that the survivor of the insured should sue. My view in this respect is supported by the decision in Mutual Life v. Armstrong, cited above, wherein the Supreme Court denied a recovery to the administrator of the insured because it appeared from the facts that the insured previous to his death has assigned the policy; it also appearing in that case that the assignee of the policy had murdered the insured. The ruling there was to the effect that only the assignee had a valid claim, and, he having matured the policy by his conduct in murdering the insured, there could be no recovery. The principles of public policy governing life insurance contracts announced by the Supreme Court in Ritter v. Mutual Life, 169 U. S. 156, 18 Sup. Ct. 300, 42 L. Ed. 693, Burt v. Union Central, 187 U. S. 362, 23 Sup. Ct. 139, 47 L. Ed. 216, and Northwestern Mutual v. McCue, 223 U. S. 234, 32 Sup. Ct. 220, 56 L. Ed. 419, 38 L. R. A. (N. S.) 57, also, it seems to me, have direct application. The trend of all these decisions is to deny recovery on life insurance contracts where it appears that the maturity of the contract was wrongfully accelerated by the beneficiary. As stated in Burt v. Life Ins. Co., supra:

"Public policy forbids the insertion in a contract of a condition which would tend to induce crime, and, as it forbids the introduction of such a stipulation, it also forbids the enforcement of a contract under circumstances which cannot be lawfully stipulated for."

[3, 4] It has also been the policy of the United States courts to confine the right of recovery on a policy of the character involved within the "four corners of the contract." In Mutual Life Ins. Co. v. McCue, supra, it is said:

"The policy is the measure of the rights of everybody under it, and, as it does not cover death by the law, there cannot be recovery either by McCue's estate or by his children."

I am of the opinion that the policy sued on expressly provides for a recovery in favor of the survivor, and it appearing that the survivor, Samuel C. Spicer, Jr., having forfeited his rights under the policy, there can be no recovery thereon in favor of the plaintiff here.

The defendant also insists that, under section 3765 of the Code of · Alabama, Samuel C. Spicer, Jr., takes one-half of the personal estate of his wife, Nobie N. Spicer, and that a recovery in favor of the plaintiff would inure to the benefit of Samuel C. Spicer, Jr., to that extent. In the view that I have already taken of the case, it is unnecessary to decide this feature of the case, though it may be proper to say that the rule of public policy, so strongly adhered to in the federal courts, would not, in my opinion, sanction such a result.

It follows that the demurrers to counts 2, 3, and 4 of the complaint should be sustained, and that the demurrers to pleas 3, 4, 5, and 6 should be overruled, and judgment may be accordingly entered.